# IN THE COURT OF APPEALS OF IOWA

No. 23-1693
Filed June 5, 2024

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**CHARLES LEE BRUMLEY,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Jasper County, Charles C. Sinnard, Judge.

 Charles Brumley appeals his sentence following his guilty plea to theft in the third degree. **APPEAL DISMISSED.**

 John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

 Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

 Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**AHLERS, Presiding Judge.**

Pursuant to a plea agreement, Charles Brumley pleaded guilty to theft in the third degree in 2013. He failed to appear for sentencing, so a warrant was issued for his arrest. He was apprehended in 2023, and a sentencing hearing was rescheduled.

At the sentencing hearing, the State detailed the contents of the plea agreement the parties had reached before Brumley absconded and expressed the State's willingness to continue to follow the agreement. The State recited a joint sentencing recommendation requesting the court to impose a prison sentence not to exceed two years, a $625 suspended fine, and a surcharge.[1] Brumley confirmed the accuracy of the State's description of the plea agreement. He joined in the State's recommendation. The court imposed the agreed-upon sentence.

Brumley appeals, claiming the court imposed an illegal sentence by suspending the fine without also placing him on probation. The State argues that this court lacks jurisdiction to hear Brumley's appeal because Brumley does not have good cause to appeal.

We agree with the State. Iowa Code section 814.6(1)(a)(3) (2023) prohibits criminal defendants from appealing following a guilty plea except when they plead to a class "A" felony or they establish good cause to appeal. Brumley did not plead guilty to a class "A" felony, so the only remaining option for Brumley to meet the statutory exception is to establish good cause. In *State v. Damme*, the supreme court concluded defendants have good cause to appeal when they challenge their

---

[1] The recommended fine of $625 was the statutory minimum when Brumley committed the offense in 2013. Iowa Code § 903.1(2) (2013).

sentence rather than the guilty plea itself if the sentence is neither mandatory nor agreed to as part of a plea agreement. 944 N.W.2d 98, 105 (Iowa 2020). Brumley does not meet the good cause standard declared in *Damme* because the sentence he received is the sentence Brumley agreed to pursuant to the plea agreement. Because Brumley received the sentence he agreed to in the plea agreement, he does not have good cause to appeal, and his appeal must be dismissed. *See State v. Estabrook*, No. 22-1118, 2023 WL 2671954, at *1 (Iowa Court App. Mar. 29, 2023) (dismissing appeal for lack of good cause following a guilty plea when the defendant receives the agreed-upon sentence).

**APPEAL DISMISSED.**